1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DANNY SALAZAR FLORES,                          CASE NO. CV-F-04-5364 OWW WMW HC

12                          Petitioner,

      vs.

13                                                    FINDINGS AND RECOMMENDATIONS RE
                                                      MOTION TO DISMISS PETITION FOR WRIT
14    STUART RYAN, Warden, et al.,                    OF HABEAS CORPUS

15                          Respondent.

16    _____/

17

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant

19    to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

20    § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

21                                       **PROCEDURAL HISTORY**

22          Following a jury trial in Fresno County Superior Court, Petitioner was found guilty of assault

23    with a deadly weapon pursuant to Penal Code Section 245(a)(1).  The court found that Petitioner had

24    served a prior prison term and had suffered four prior serious felony convictions.  See Sections 667.5(b)

25    and 667(a).  The court sentenced Petitioner to twenty-five years to life for the assault conviction and an

26    additional twenty-one consecutive years for the enhancements, for a total of forty-six years to life in

27    state prison.

28          Petitioner filed a direct appeal from his conviction with the California Court of Appeal for the

                                                      1

1 Fifth District Court of Appeal ("Court of Appeal").   The Court of Appeal affirmed the judgment of

2 conviction in an unpublished opinion on November 16, 1999.

3        Petitioner filed a petition for review with the California Supreme Court on December 29, 1999.

4 The court denied the petition on February 2, 2000.

5        Petitioner filed a petition for writ of habeas corpus with the Fresno County Superior Court on

6 December 18, 2000.  On January 5, 2001, the court denied the petition.

7        On January 29, 2001, Petitioner filed a second petition for writ of habeas corpus with the Fresno

8 County Superior Court.  The court denied the petition on February 7, 2001.

9        On March 12, 2001, Petitioner filed a petition for writ of habeas corpus with the Court of

10 Appeal.  The Court of Appeal denied the petition on April 2, 2001.

11        On August 11, 2002, Petitioner filed a petition for writ of habeas corpus with the California

12 Supreme Court, which denied the petition on March 5, 2003.

13        Petitioner filed the present petition in this court on February 13, 2004.  On December 8, 2004,

14 Respondent filed the motion to dismiss now pending before the court.  Petitioner has not opposed or

15 otherwise responded to the motion to dismiss.

16

17                                          **LEGAL STANDARD**

18 JURISDICTION

19        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to

20 the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the

21 United States. 28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504

22 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States

23 Constitution.  In addition, the conviction challenged arises out of the Fresno County Superior Court,

24 which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the

25 court has jurisdiction over the action.

26        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

27 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v.

28 Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997);

1   Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769

2   (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh

3   v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after

4   statute's enactment).  The instant petition was filed on February 13, 2004,  after the enactment of the

5   AEDPA, thus it is governed by its provisions.

6   STANDARD OF REVIEW

7       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

8   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

9   Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

10      The AEDPA altered the standard of review that a federal habeas court must apply with respect

11   to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct.

12   1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless

13   the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

14   application of, clearly established Federal law, as determined by the Supreme Court of the United

15   States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light

16   of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123

17   S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d

18   1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may

19   not issue the writ simply because that court concludes in its independent judgment that the relevant

20   state-court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at

21   1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations

22   omitted).

23      While habeas corpus relief is an important instrument to assure that individuals are

24   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

25   Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction

26   is the primary method for a petitioner to challenge that conviction.  Brecht v. Abrahamson, 507 U.S.

27   619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be

28   presumed correct, and the federal court must accept all factual findings made by the state court unless

1  the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C.

2  § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S.

3  99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

4  **DISCUSSION**

5  Respondent contends that this petition should be dismissed as untimely, arguing that it is barred

6  by the statute of limitations and that statutory tolling does not save the petition.  Further, Respondent

7  argues that Petitioner is not entitled to equitable tolling.   Petitioner has not opposed the motion to

8  dismiss.

9  <u>STATUTE OF LIMITATIONS AND STATUTORY TOLLING</u>

10  The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

11  petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d)

12  reads:

13  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court.  The limitation
14  period shall run from the latest of –

15  (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;
16

17  (B) the date on which the impediment to filing an application created by State
    action in violation of the Constitution or laws of the United States is removed, if the
    applicant was prevented from filing by such State action;
18

19  (C) the date on which the constitutional right asserted was initially recognized by the
    Supreme Court, if the right has been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or
20

21  (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

22  (2) The time during which a properly filed application for State post-conviction or
    other collateral review with respect to the pertinent judgment or claim is pending shall
23  not be counted toward any period of limitation under this subsection.

24
25  In most cases, the limitation period begins running on the date that the petitioner's direct review

26  became final.  In this case, the petition for review was denied by the California Supreme Court on

27

28

4

February 2, 2000 .[1]   Thus, direct review would conclude on May 2, 2000, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[2] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have had one year from May 2, 2000, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)   Petitioner filed the present petition in this court on February 13, 2004.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005.

In the present case, the court finds that Petitioner is entitled to statutory tolling beginning on

---

[1] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[2] See Sup.Ct. R. 13(1)

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

5

1  December 18, 2000, when he filed the first state habeas corpus petition in Fresno County Superior

2  Court.  At that point, two hundred thirty days had elapsed of the statutory one-year period, leaving one

3  hundred thirty-five days in the period.  Respondent contends that Petitioner is not entitled to statutory

4  tolling from April 2, 2001, when the Court of Appeal denied his habeas corpus petition, to August 11,

5  2002, when he next filed a state habeas corpus petition in the California Supreme Court.  Respondent

6  argues that when the Court of Appeal denied his state habeas petition on April 2, 2001, Petitioner had

7  135 days remaining on the statutory clock.  However, Petitioner delayed approximately 496 before filing

8  with the California Supreme Court.  Respondent argues that this delay was unreasonable, and the

9  Petitioner is therefore not entitled to statutory tolling for that time period.[4]  Respondent concludes that

10  the statute of limitations expired on August 15, 2001.

11        The court finds it unnecessary to decide that issue because, as Respondent points out, even if we

12  assume arguendo that Petitioner was entitled to tolling for the entire period between the filing of his first

13  state habeas corpus petition on December 18, 2000, and the California Supreme Court's denial of the

14  final petition on March 5, 2003, the present petition was filed outside the statute of limitations.  An

15  additional 345 days passed before Petition filed the present petition in federal court.  See Nino v.

16  Galaza, 183 F.3d at 1007 (habeas petitioner not entitled to tolling between finality in state court and the

17  filing of an application for collateral review in federal court).  Assuming that the running of the statute

18  was tolled until March 5, 2003, the statutory period expired on July 18, 2003.  The petition, however,

19  was filed two hundred ten days later on July 18, 2003.

20  EQUITABLE TOLLING

21        The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

22  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S. Dist.

23  Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696,

24  701 (9th Cir. 1996), cert denied, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist.

25

26        [4]Respondent notes that although Petitioner attempted to file a petition for review with the California Supreme Court

27  in late May or early June of 2001, the court refused to file the petition because it was untimely and the court therefore lacked
jurisdiction.  The court agrees with Respondent that this petition for review was not "properly filed" for the purposes of 28

28  U.S.C. Section 2244(d)(2).  See Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005), and therefore did not toll the running of the
statute of limitations.

1   Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United

2   States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will

3   not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances'

4   beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather

5   than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

6   statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing*

7   Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.  In the present case, Petitioner has not opposed

8   the motion to dismiss and nothing in his petition establishes a basis for equitable tolling.  Accordingly,

9   the court concludes that Petitioner has failed to carry his burden of demonstrating the existence of

10  extraordinary circumstances which would support equitable tolling in this case.

11          Accordingly, based on the above, the court concludes that the present petition is barred by the

12  statute of limitations and must therefore be dismissed.

13

14          These Findings and Recommendation are submitted to the assigned United States District Court

15  Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules

16  of Practice for the United States District Court, Eastern District of California.  Within **twenty (20)** days

17  after being served with a copy, any party may file written objections with the court and serve a copy on

18  all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

19  Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus

20  three days if served by mail) after service of the objections.  The court will then review the Magistrate

21  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

22  objections within the specified time may waive the right to appeal the District Court's order.  Martinez

23  v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  IT IS SO ORDERED.

25  **Dated:    August 16, 2005    **              ____/s/  William M. Wunderlich____
    mmkd34                                        UNITED STATES MAGISTRATE JUDGE

26

27

28

                                        7